**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| KIMBERLY D.H., ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 17-CV-255-JED-GBC |
| v. ) | |
| ) | |
| ANDREW M. SAUL,[1] Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Gerald B. Cohn (Doc. 20) and the plaintiff's Objection (Doc. 21) to the R&R. In the R&R, Judge Cohn recommends that the decision of the Commissioner of the Social Security Administration ("Commissioner") denying disability benefits to plaintiff be affirmed.

Pursuant to Fed. R. Civ. P. 72(b)(3), "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." The Court's task of reviewing the Commissioner's decision involves determining "whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* "It is 'more than a

---

[1] Effective June 17, 2019, Andrew M. Saul became the Commissioner of the Social Security Administration. Pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Saul is substituted as the defendant in this action.

scintilla, but less than a preponderance.'" *Newbold v. Colvin*, 718 F.3d 1257, 1262 (10th Cir. 2013) (quoting *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007)).  The Court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Martinez v. Barnhart,* 444 F.3d 1201, 1204 (10th Cir. 2006) (quoting *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800 (10th Cir. 1991)).

The Court has conducted a de novo review, fully considered the limited issues raised in the plaintiff's Objection, and determined that the Objection should be denied and the R&R should be accepted in full.  In her Objection, the plaintiff first argues that Judge Cohn erred in failing "to find the ALJ erred at Step Five of the sequential evaluation process" (Doc. 21 at 3).  The plaintiff asserts that the ALJ incorrectly found that the plaintiff could perform jobs identified by the vocational expert because the residual functional capacity (RFC) limited her to simple work and jobs that would not require she be around dangerous moving machinery, and she asserts that she could work only part-time.  The ALJ considered the medical record and the plaintiff's allegation of limitations and then determined that plaintiff had the RFC to perform:

> a full range of light and sedentary exertion work. She is unable to climb ropes, ladders, and scaffolds, and is unable to work in environments where she would be exposed to unprotected heights and dangerous moving machinery parts.  She is able to understand, remember, and carry out simple instructions . . . and is able to interact with co-workers and supervisors under routine supervision, but is unable to interact with the general public more than occasionally, regardless of whether that interaction is in person or over a telephone.

(Admin. Tr, Doc. 11-2 at 17-18).  The vocational expert opined that a person with that RFC could perform jobs of document scanner, surveillance system monitor, hotel housekeeper, and bakery worker. (*Id.* at 23-24).

Plaintiff challenges the jobs of document scanner and surveillance system monitor, because the Dictionary of Occupational Titles would require a General Educational Development level 3

reasoning for those jobs. Judge Cohn correctly noted that bakery worker and hotel housekeeper would require a reasoning level of 1, which would be consistent with plaintiff's RFC. (Doc. 20 at 6). In addition, Judge Cohn properly considered plaintiff's additional argument that bakery worker would be inconsistent with the RFC because of exposure to dangerous moving machinery parts. (*See id.* at 6-8). Judge Cohn further fully considered plaintiff's argument that she also could not be a housekeeper because she could only work part-time. (*Id.* at 8-9). The Court agrees with Judge Cohn's analysis of the ALJ's step five determination. In short, even assuming the ALJ was incorrect in relying on the vocational expert's determination as to one or more jobs identified, any deficiency would be harmless because there were significant numbers of jobs in at least one of the listed job titles (hotel housekeeper and/or bakery worker) that plaintiff could do consistent with the RFC. *See Raymond v. Astrue*, 621 F.3d 1269, 1274 (10th Cir. 2009).

Plaintiff also argues that Judge Cohn erred in failing "to find the ALJ erred in weighing the medical evidence and the RFC" (*id.* at 3-4). Specifically, plaintiff asserts that the ALJ did not "properly consider" or assign a weight to the opinion of Dr. J. Wade, a neurologist. Judge Cohn correctly noted that the ALJ did include a summary of Dr. Wade's records. Because Dr. Wade did not provide any functional restrictions, Judge Cohn determined that the ALJ was not obligated to assign weight to the records. (*Id.* at 10-11). The Court agrees. Dr. Wade did not provide any medical opinion regarding the plaintiff's work-related functional limitations and, as a result, "there was no opinion on such matters by Dr. [Wade] for the ALJ to weigh." *Duncan v. Colvin*, 608 F. App'x 566, 574 (10th Cir. 2015) (unpublished).

For the foregoing reasons, the plaintiff's Objection (Doc. 21) is overruled. The Court **accepts** the R&R (Doc. 20) and the recommendation that the Commissioner's decision be

affirmed.  The Commissioner's decision is thus **affirmed**.  A separate Judgment will be entered forthwith.

SO ORDERED this 1st day of June, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT